UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY ROMANO, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Case No. 14-cv-9095 |
| BOARD OF EDUCATION FOR ) | |
| BLOOM TOWNSHIP HIGH SCHOOL ) | Judge John W. Darrah |
| DISTRICT #206, DONALD APRATI, ) | |
| HENRY DRAKE, WILLIAM ANGELL, ) | |
| and ANTHONY MURPHY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

On February 23, 2015, Plaintiff filed a First Amended Complaint ("FAC") against Board of Education for Bloom Township High School District #206 ("Board"), Donald Aprati, Henry Drake, William Angell, and Anthony Murphy (hereinafter, "Defendants"). The FAC alleges a claim under the Family Medical Leave Act ("FMLA), 29 U.S.C. § 2601, *et seq.*, a First Amendment violation pursuant 42 U.S.C. § 1983, and a breach of contract claim. Defendants filed a Motion to Dismiss [42] pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). For the reasons stated below, Defendants' Motion to Dismiss [42] is granted in part and denied in part.

## BACKGROUND

Plaintiff has been employed by the Board in various trades. (FAC ¶ 4.) Defendants Aprati, Drake, Agnell, and Murphy were elected members of the Board. (*Id.* ¶ 5.) On or about March 10, 2012, Plaintiff requested protected leave under the FMLA due to his father's terminal illness. (*Id.* ¶ 9.) At the time he took his leave, he was a non-union foreman at Bloom Trail High School. (*Id.* ¶ 10.) On November 14, 2012, Plaintiff returned from his FMLA leave. (*Id.*

1

¶ 11.) When he returned, Plaintiff was placed in a union position as a HVAC/Electrician. (*Id.* ¶ 12.) Plaintiff alleges that this was a willful interference with the exercise of his FMLA rights. (*Id.* ¶ 18.)

Plaintiff alleges that, at this time, the Unity Party of Chicago Heights "exerted significant influence" in employment decisions in the school district. (*Id.* ¶ 22.) Plaintiff was told by various union officials to become a member of the Unity Party, to make financial contributions to the Unity Party, and to become a fundraiser for the Unity Party by selling tickets to various events. (*Id.* ¶ 23.) Plaintiff refused to do so and made complaints about union members conducting political activities during work time. (*Id.* ¶ 24.) Plaintiff alleges that his placement as an HVAC/Electrician was due to his refusal to become a member of the Unit Party. (*Id.* ¶ 26.)

On September 16, 2013, the union, Service Employees International Union Local 73 (the "Union"), entered into a settlement agreement with the school district. (*Id.* ¶¶ 13, 27.) Plaintiff alleges that this agreement transferred him into the union at a designated salary without his consent or knowledge. (*Id.*) Plaintiff's salary was lowered. (*Id.* ¶ 14.) Under the current agreement, Plaintiff's salary should be $57,071.04, but he is being paid $56,048.00. (*Id.* ¶ 35.)

**LEGAL STANDARD**

A defendant may move to dismiss a case for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Fed. R. Civ. P. 12(b)(1). When a party moves to dismiss based on lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), the district court must accept all well-pleaded facts within the complaint as true but may also consider evidence outside of the pleadings to ensure jurisdiction is proper. *Evers v. Astrue*, 536 F.3d 651, 656-57 (7th Cir. 2008) (citing *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007)). "The burden of proof on a 12(b)(1) issue is on the party asserting jurisdiction."

*United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003), *overruled on other grounds by Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012).

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A complaint must allege enough facts to support a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Facial plausibility exists when the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). All well-pleaded allegations are presumed to be true, and all inferences are read in the light most favorable to the plaintiff. *Lavalais v. Village of Melrose Park,* 734 F.3d 629, 632 (7th Cir. 2013). This presumption is not extended to 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.' *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013) (quoting *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009)). Plaintiffs are not required to "plead the elements of a cause of action along with facts supporting each element." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 517 (7th Cir. 2015). But the complaint must provide a defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555).

## ANALYSIS

### *Count I - Family Medical Leave Act*

Plaintiff alleges that he requested leave under the FMLA to care for his terminally ill father and that, after returning from leave, Defendants violated Plaintiff's FMLA rights by

demoting him to an HVAC/Electrician at Bloom Trail High School and by involuntarily inducting him into the Union.

First, Defendants argue that Plaintiff's claim against the individual Board members in their official capacity must be dismissed. "An official-capacity suit is not against the official as an individual; the real party in interest is the entity." *Wilson v. Civil Town of Clayton Ind.*, 839 F.2d 375, 382 (7th Cir. 1988). Here, Plaintiff brings claims against the individual Board members in their official capacity as well as against the Board itself. Defendants' Motion to Dismiss Count I against Aprati, Drake, Agnell, and Murphy in their official capacity is granted with prejudice.

Defendants also state that Plaintiff's claim against the Board members in their individual capacity should be dismissed because the FMLA does not apply to individual board members. The FMLA states that the "right . . . remedies, and procedures under this subchapter shall apply to . . . any local educational agency (as defined in Section 7801 of Title 20) and an eligible employee of the agency." 29 U.S.C. 2618(a)(1)(A). 20 U.S.C. § 7801 defines local educational agency as "a public board of education or other public authority legally constituted within a State for either administrative control or direction of, or to perform a service function for . . . secondary schools in a . . . township . . . that is recognized in a State as an administrative agency for its . . . secondary schools." 20 U.S.C. § 7801(30)(A). An "eligible employee" under § 2618's rules for employees of local educational agencies "means an eligible employee of an agency or school described in paragraph (1)." 29 U.S.C. § 2618(a)(2)(A).

The Board is a local educational agency. The issue is whether Plaintiff is an eligible employee under § 2618. The Senate Report on the FMLA states: "The act establishes special rules governing the availability of leave for employees of local educational agencies who are

4

employed principally in an instructional capacity." S. REP. 103-3, 3, 1993 U.S.C.C.A.N. 3, 5. The report also states "the phrase an employee employed principally in an instructional capacity [in this report] is intended to include teachers or other instructional employees whose principal function is directly providing educational services" and does "not include teacher assistants, cafeteria workers, *building service workers*, bus drivers, and other primarily noninstructional employees." S. REP. 103-3, 37, 1993 U.S.C.C.A.N. 3, 39 (emphasis added). Plaintiff is not employed as a teacher or other instructional employee, and the special rules in § 2618 do not apply.

As § 2618 does not apply, the remainder of the FMLA does. *See Cooley v. Bd. of Educ. of the City of Chicago,* 703 F. Supp. 2d 772, 775 (N.D. Ill. 2009) (holding "the other provisions of the subchapter − which encompasses Section 2611 and hence its definitions − apply wherever the 'special rules' set out in the other subsections of Section 2618 are not implicated."). Under § 2611, an employer is defined as "any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year" and includes "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer; and . . . any successor in interest of an employer." 29 U.S.C. § 2611(4)(A)(i)(-(ii). "Among its other enumerated powers, a board of education [has] the power to hire, fire, and supervise [employees]." *Board of Educ. of Bremen High School Dist. No. 228 v. Mitchell*, 899 N.E.2d 1160, 1163 (1st Dist. 2008). Thus, the individual members of the Board may be liable to the extent that they are employers under the FMLA. *See Lewis v. School Dist. #70*, 523 F.3d 730 (7th Cir. 2008) (reversing grant of summary judgment for, *inter alia*, members of a school board in their individual capacity).

However, Plaintiff has not properly pled that any individual defendant is liable for any particular action. Plaintiff merely states Defendants are responsible for the FMLA violation but does not say how any particular Defendant is responsible or what actions they took. Nor has Plaintiff pled that the individual Defendants "exercised sufficient control over Plaintiff's ability to take protected leave to qualify as employers under the FMLA." *Freemon v. Foley*, 911 F. Supp. 326, 331 (N.D. Ill. 1995). The allegations do not provide the individual Defendants "with 'fair notice' of the claim and its basis." *Tamayo*, 526 F.3d at 1081. Defendants' Motion to Dismiss Count I as to Aprati, Drake, Agnell, and Murphy in their individual capacity is granted without prejudice.[1]

### *Count II - § 1983*

In Count II, Plaintiff alleges that Defendants[2] violated his First Amendment rights by demoting him after he refused to participate in activities supporting the local political organization of the Unity Party. Defendants argue that Plaintiff's political retaliation claim must be dismissed because Plaintiff has not alleged that he was engaged in protected speech and has not shown causation between any protected activity and the alleged retaliation.

Employment-related actions "based on political affiliation or support are an impermissible infringement on the First Amendment rights of public employees." *Rutan v. Republican Party of Ill.*, 497 U.S. 62, 75 (1990); *see also O'Hare Truck Service, Incorporated v. City of Northlake*, 518 U.S. 712, 714 (1996) ("Government officials may not discharge public employees for refusing to support a political party or its candidates, unless political affiliation is

---

[1] However, Defendants' request to strike Plaintiff's Count I request for back pay benefits for life is granted, as this is not an available remedy under the FMLA. *See* 29 U.S.C. § 2617(a)(1)(A)(i)-(iii).

[2] As more fully discussed above, to the extent that Plaintiff brings his § 1983 claim against Aprati, Drake, Agnell, and Murphy in their official capacity, that claim is dismissed with prejudice.

a reasonably appropriate requirement for the job in question"). The government cannot interfere, except in "the most compelling circumstances," with an employee's freedom to associate or not associate. *Rutan*, 497 U.S. at 76.

"To make out a *prima facie* case of First Amendment retaliation, a public employee must [allege] that '(1) his speech was constitutionally protected; (2) he has suffered a deprivation likely to deter free speech; and (3) his speech was at least a motivating factor in the employer's actions.'" *Peele v. Burch*, 722 F.3d 956, 959 (7th Cir. 2013) (quoting *Kidwell v. Eisenhauer*, 679 F.3d 957, 964 (7th Cir. 2012)). Plaintiff alleges union members approached him at various points and requested that he join the Unity Party and that he should support Unity Party activities and fundraisers. Plaintiff further alleges he complained about these activities to Defendants; specifically, he complained about union activities taking place during work hours. Plaintiff alleges that he was demoted and his pay was lowered as a result. Plaintiff has alleged that he engaged in protected conduct, his decision not to affiliate with the Unity Party, and that adverse employment action was taken against him due to that conduct. While Plaintiff does not specifically allege that his deprivation was likely to deter free speech, it is a logical inference that must be drawn in Plaintiff's favor at this stage.

Defendants also argue that Plaintiff cannot prove causation as he alleges that only the Union knew about his activity. This is not accurate. Plaintiff never states in his FAC that the Union alone was aware of his activity. Plaintiff specifically alleges that he complained about Union activities and that the Unity Party "exerted significant influence in employment decisions in the school district." (FAC, ¶¶ 22, 24.) Plaintiff has alleged that the Union, through the Unity Party, has influence on employment decisions that the Board carries out and that the Board knew about his concerns.

Defendants incorrectly argue that Plaintiff is only claiming a general right to freedom of association. In the Seventh Circuit, "a public employee is protected from adverse employment consequences based on the exercise of the right to freedom of association only when the associational conduct relates to a matter of public concern." *Klug v. Chicago Sch. Reform Bd. of Trustees*, 197 F.3d 853, 857 (7th Cir. 1999). But Plaintiff alleges he was retaliated against for refusing to associate with a political party. In *O'Hare* the Supreme Court held "that to fire a public employee as a penalty for refusing a request for political and financial support would impose an unconstitutional condition on governmental employment." *O'Hare Truck Service*, 518 U.S. at 720. In order to state a claim under § 1983, the employee's "association, or refusal to associate, must be political in nature or implicate some other constitutional concerns." *Anderson v. Iacullo*, 963 F. Supp. 2d 818, 832 (N.D. Ill. 2013) (citing *Barry v. Moran*, 661 F.3d 696, 704 (1st Cir. 2011)). As discussed above, as pled, the employee's refusal to associate was political in nature and is protected activity.

Defendants' Motion to Dismiss Count II is denied as to the Board.

However, like his FMLA claim, Plaintiff has not properly pled that any individual defendant is liable for any particular action. Plaintiff merely states Defendants are responsible for the § 1983 violation but does not say how any particular Defendant is responsible or what actions they took. The allegations do not provide the individual Defendants "with 'fair notice' of the claim and its basis." *Tamayo*, 526 F.3d at 1081. Defendants' Motion to Dismiss Count II as to Aprati, Drake, Agnell, and Murphy in their individual capacity is granted without prejudice.

*Count III - Breach of Contract*

In Count III, Plaintiff alleges a breach of contract claim, stating Defendants and the Union violated his collective bargaining agreement by reducing his salary below what the

8

agreement mandates. Defendants argue that Plaintiff's complaint for breach of contract should be dismissed because Plaintiff has failed to exhaust the grievance procedures under the collective bargaining agreement.

"Federal labor law mandates that employees seeking to sue for breach of a collective bargaining agreement must first exhaust the [grievance] procedures set forth by the collective bargaining agreement." *Duerr v. Minnesota Min. and Mfg. Co.*, 101 F. Supp. 2d 1057, 1061 (N.D. Ill. 2000). Plaintiff responds that any attempt to exhaust the grievance procedures would be futile. "Futility is a recognized exception to the exhaustion requirement." *Perry v. Midstates Indep. Union & Krooswyk Trucking & Excavating*, 20 F. App'x 527, 531 (7th Cir. 2001) (citing *Glover v. St. Louis-San Francisco Ry. Co.*, 393 U.S. 324, 331 (1969)). However, a plaintiff must do more than merely assert futility. *See Douglas v. American Info. Technologies, Corp.*, 877 F.2d 565, 574 (7th Cir. 1989) (finding that failure to exhaust grievance procedure was not excused because plaintiff's "mere unsupported assertion of futility was insufficient to raise the issue properly"). "Rather, the employee must put the grievance procedure to the test, . . . , for example, by filing 'repeated complaints to company and union officials.'" *Perry*, 20 F. App'x at 531 (internal citations omitted).

Plaintiff has not alleged that he has exhausted his grievance procedures. Nor has Plaintiff alleged that attempting the grievance procedures would be futile. Plaintiff merely states that he has "made demands upon the defendants." (FAC, ¶ 36.) Plaintiff makes further allegations about the futility of the grievance procedure in his response, but a plaintiff "cannot cure [a] deficiency by inserting the missing allegations in a document that is not either a complaint or an amendment to a complaint." *Harrell v. United States*, 13 F.3d 232, 236 (7th Cir. 1993). Defendants' Motion to Dismiss Count III is granted without prejudice.

**CONCLUSION**

For the reasons stated above, Defendants' Motion to Dismiss [42] is granted in part and denied in part. Defendants' Motion to Dismiss all claims against Aprati, Drake, Agnell, and Murphy in their official capacity is granted with prejudice. Defendants' Motion to Dismiss Counts I and II against Aprati, Drake, Agnell, and Murphy in their individual capacity is granted without prejudice. Defendants' Motion to Dismiss Count II against the Board is denied. Defendants' Motion to Dismiss Count III is granted without prejudice.

Plaintiff may file, within thirty days of the entry of this Order, an amended complaint as to the allegations in Counts I, II, and III if they can do so in compliance with Rule 11.

Date: _____May 4, 2016_____ _____
JOHN W. DARRAH
United States District Court Judge